UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
**Case Number: 05-20849-CR-MARTINEZ-BROWN**

UNITED STATES OF AMERICA,

vs.

LUIS JACINTO MARTI,
    Defendant.
_____/

## ORDER DENYING DEFENDANT DR. LUIS MARTI'S MOTION FOR NEW TRIAL, AN EVIDENTIARY HEARING ON THAT MOTION AND FOR AN *ELLSWORTH* CERTIFICATION AND DENYING DEFENDANT MARTI'S MOTION FOR PROMPT EVIDENTIARY HEARING

THIS CAUSE came before the Court upon Defendant Dr. Luis Marti's Motion for New Trial, an Evidentiary Hearing on that Motion and for an *Ellsworth* Certification **(D.E. No. 284)**, filed on **March 10, 2008** and Defendant Marti's Motion for Prompt Evidentiary Hearing on His Motion for New Trial Filed on March 10, 2008 **(D.E. No. 294)**, filed on **April 23, 2008**. On November 10, 2005, Defendant Dr. Luis Marti ("Defendant" or "Marti") was indicted on one count of conspiracy to defraud the United States, commit health care fraud, and pay and receive kickbacks and fifteen counts of health care fraud.  (D.E. No. 2).  The indictment also charges the same violations against Defendants Onelio S. Baez ("Baez"), Juan Carlos Mateo ("Mateo"), and Jorge Arnaldo Valido ("Valido").  Before trial, these other defendants entered guilty pleas.  The Government alleged that Marti and these other Defendants were part of a Medicaid fraud scheme in which Medicaid recipients were induced through payments of kickbacks and bribes to visit particular physicians and medical clinics.  Physicians at these particular clinics would prescribe unnecessary and expensive medications, such as Intravenous Immune Globulin ("IVIG") drugs, which are drugs commonly prescribed for HIV-positive or AIDS patients.  These prescriptions, paid for by Medicaid, would be picked up at a particular pharmacy, and then the drugs would be

resold to other pharmacies.

Marti was charged as one of the doctors who issued a number of these prescriptions. Baez was charged as the organizer of the scheme. Mateo was charged as a patient recruiter and Valido, another doctor, was charged for issuing the prescriptions, and he was also charged as the owner and operator of the Charitte Medical Center where Marti once worked as a physician. A jury trial was held on these charges against Marti in December of 2006. On December 21, 2006, the jury found Marti guilty of all counts. (D.E. No. 147).

Following trial, Marti filed a Motion for Judgment of Acquittal on All Counts (D.E. No. 169) and a Motion for New Trial (D.E. No. 170). On March 20, 2007, the Court denied both of these motions. (D.E. No. 201). On March 26, 2007, Marti was sentenced to a term of twenty-eight months on all sixteen counts to be served concurrently, but he was permitted to remain out on bond pending the duration of his appeal. (D.E. Nos. 206 and 210). Marti appealed his conviction and sentence. On March 10, 2008, Marti filed his second motion for new trial, seeking a certification to the appellate court that his motion should be granted and an evidentiary hearing. (D.E. No. 284). On April 23, 2008, he filed another motion requesting an evidentiary hearing on this motion for new trial. (D.E. No. 294). After careful consideration and for the reasons set forth below, the Court denies these motions.

Defendant has filed this motion for new trial pursuant to Federal Rule of Criminal Procedure 33, arguing that there is newly discovered evidence which warrants a new trial. "'Motions for a new trial based on newly discovered evidence are highly disfavored in the Eleventh Circuit and should be granted only with great caution. Indeed, the defendant bears the burden of justifying a new trial.'" *United States v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006) (quoting *United States v. Devila*, 216 F.3d 1009, 1015-16 (11th Cir. 2000)). A new trial based on

newly discovered evidence is warranted only if: "(1) the evidence was in fact discovered after trial; (2) the defendant exercised due care to discover the evidence; (3) the evidence was not merely cumulative or impeaching; (4) the evidence was material; and (5) the evidence was of such a nature that a new trial would probably produce a different result." *United States v. Garcia*, 13 F. 3d 1464, 1472 (11th Cir. 1994). "The failure [of the movant] to satisfy any one of these elements is fatal to a motion for new trial." *United States v. Lee*, 68 F.3d 1267, 1274 (11th Cir. 1995). Because Marti fails to sufficiently establish the fourth and fifth elements under this conjunctive test, this Court denies his motion for new trial.

Marti moves for a new trial based on nine documents that were brought to his attention after Mr. Mark Starinsky, an auditor from the United States Department of Health and Human Services, Officer of the Inspector General, came to his house on January 28, 2008 and showed him a document with the name "Floridian Medical Supply, Inc." and a North Miami Beach, Florida address at the top. Each of the nine documents had Floridian Medical Supply, Inc. at the top and each was purported to be signed by Dr. Marti. *See* (D.E. No. 284, Exh. A, Questioned Documents). The documents are dated beginning on December 5, 2005 and ending July 10, 2006. *Id.* Seven of the documents are Patient Information Forms in which the physician certifies that the listed items or equipment are medically necessary for the patient. *Id.* The other two documents are Statements of Ordering Physician where the signing physician appears to be certifying that the specific listed equipment is necessary for a specific patient. *Id.*

Marti argues that he has no affiliation with Floridian Medical Supply, Inc. and he has not heard of or met any of the patients named in the documents. Marti hired Mr. F. Harley Norwich, a handwriting expert, to perform a handwriting analysis of the signatures on each of the nine documents. Mr. Norwich concluded that the signatures on these nine documents are forgeries.

Marti argues that "[t]his new evidence is powerful evidence supporting his theory of defense in this case that someone forged his signature on the IVIG prescriptions without his authorization." *Id*. This Court disagrees. Marti has not offered any evidence that these nine documents relate to this case or the acts charged in the indictment. At trial Marti argued that his signature was forged on a number of the prescriptions at issue; however, Marti has not argued that these new documents were forged by the same person as the alleged forgerer in this case.[1] Essentially, this new evidence could demonstrate that someone forged Marti's name in connection with a different type of Medicaid fraud scheme four years after the conduct for which Marti was indicted occurred. The connection of these documents to this case is tenuous at best. Accordingly, Marti fails to meet his burden of demonstrating that this evidence is both material and of such a nature that a new trial would probably produce a different result.[2] Therefore, it is hereby:

**ORDERED and ADJUDGED** that

1.  Defendant Dr. Luis Marti's Motion for New Trial, an Evidentiary Hearing on that

---

[1] Marti argued at trial that at least some of the documents were forged by his co-defendant, Valido. Marti has not made this allegation with respect to these nine new documents.

[2] Marti has also requested an evidentiary hearing and an *Ellsworth* certification. However, the Court finds neither is warranted. First, the Court finds that an evidentiary hearing is not necessary, especially as there are no disputed facts with regard to the newly discovered evidence. *See United States v. Spuza*, 194 Fed. Appx. 671, 676 (11th Cir. 2006) ("A defendant is not entitled to an evidentiary hearing for a motion for a new trial if 'the acumen gained by a trial judge over the course of the proceedings [made him] well qualified to rule on the [evidence] without a hearing.'") (quoting *United States v. Schlei*, 122 F. 3d 944, 994 (11th Cir. 1997)).
    Second, Marti has requested an *Ellsworth* certification pursuant to *United States v. Ellsworth*, 814 F. 2d 613 (11th Cir. 1987), which states with regard to a motion for a reduction of sentence that the "proper procedure after an appeal is taken is for . . . [the] motion to be filed with the district court; the district court may either deny the motion on its merits or certify that the motion should be granted in order to afford the appellate court jurisdiction to entertain a motion to remand." Because the Court is denying the motion, it will not issue a certification.

Motion and for an *Ellsworth* Certification **(D.E. No. 284)** is **DENIED**.

    2.    Defendant Marti's Motion for Prompt Evidentiary Hearing on his Motion for New Trial Filed on March 10, 2008 **(D.E. No. 294)** is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 30 day of April, 2008.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
All Counsel of Record